UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 23-cv-965

PROGRESSIVE EXPRESS INSURANCE COMPANY,

    Plaintiff,

vs.

JGR DOORS & WINDOWS, LLC, a Florida Limited Liability Company, JUSTIN RHODES, individually, GAYLE GALUSHA, individually, and BRENDA JONES, both individually and as Personal Representative of the Estate of Winston Jones, Deceased,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Progressive Express Insurance Company ("Progressive"), by and through its attorneys, Morgan & Akins, PLLC, states by way of Complaint for Declaratory Judgment against Defendants, JGR Doors & Windows, LLC, Justin Rhodes, Gayle Galusha, and Brenda Jones, both individually and as the Personal Representative of the Estate of Winston Jones, Deceased, as follows:

**Parties**

    1.    Plaintiff, Progressive Specialty Insurance Company ("Progressive"), is a corporation organized under the laws of Ohio and with its principal place of business located in Mayfield Village, Cuyahoga County, Ohio.

CASE NO.: 23-cv-965

2. Defendant, JGR Doors & Windows, LLC ("JGR"), is a limited liability company organized under the laws of Florida and with its principal place of business located in Tampa, Hillsborough County, Florida. Upon information and belief, Defendant, Justin Rhodes, is JGR's sole member. Justin Rhodes is a resident and citizen of the State of Florida. Therefore, for diversity purposes, JGR is a citizen of Florida.

3. Defendant, Justin Rhodes, was and, at all times relevant to this action is, a resident and citizen of Tampa, Hillsborough County, Florida.

4. Defendant, Gayle Galusha, was and, at all times relevant to this action is, a resident and citizen of Tampa, Hillsborough County, Florida.

5. Defendant, Brenda Jones, individually, was and, at all times relevant to this action is, a resident and citizen of Brooklyn, Kings County, New York.

6. The decedent, Winston Jones, was a resident and citizen of Brooklyn, Kings County, New York, prior to and at the time of his death and, therefore, Brenda Jones, in her capacity as the Personal Representative of the Estate of Winston Jones, deceased, is deemed to be a citizen of the State of New York.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction over this instance action pursuant to 28 U.S.C. § 1332(a)(1), because diversity of citizenship exists between Progressive, on the one hand, and Defendants, on the other, and the amount in controversy, as determined by the monetary value of the claims presented exceeds $75,000.00.

8. Venue is proper in this district as this is the judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. 1391(b)(1).

CASE NO.: 23-cv-965

**The Policy**

9. Progressive issued a Commercial Auto Insurance Policy, Policy No. 01927297-O, with an effective Policy Period of March 10, 2020 through March 10, 2021 to Defendant, JGR (the "Commercial Auto Policy"). A true, accurate, and complete copy of the Commercial Auto Policy is attached hereto as Exhibit A.

10. The Commercial Auto Policy consisted of Form 6912 (02/19) as modified by Forms 1652FL (02/19), 4757FL (02/19), 4881FL (02/19) and Z228 (01/11). (Ex. A).

11. As reflected on the Policy's Declaration Page, the Policy identified one (1) rated driver, Defendant, Justin Rhodes. A true accurate and complete copy of the Declaration Page is attached hereto as Exhibit B.

12. As reflected on the Policy's Declaration Page, the Policy identified one scheduled vehicle, a 2003 Chevrolet Silverado C1500, vehicle identification number: 1GCEC19T33Z259856 (the "Silverado"). (Ex. B).

13. The Policy's relevant liability insuring language is contained at Form 6912 (02/19), and provides, in pertinent part, as follows:

### PART I – LIAIBLITY TO OTHERS

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

(Ex. A, Form 6912, p. 6).

14. The Policy defines the term "insured auto," as follows:

"**Insured auto**" or "**your insured auto**" means:

    a.    Any **auto** specifically described on the **declarations page**; or

    b.    An additional **auto** for Part I – Liability To Others and/or Part II – Damage To Your Auto on the date **you** become the owner if:

        (i)    **you** acquire the **auto** during the policy period shown on the **declarations page**;

        (ii)    **we** insure all autos owned by **you** that are insured in **your** business;

        (iii)    no other insurance policy provides coverage for that **auto**; and

        (iv)    **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage….

    c.    Any replacement **auto** on the date **you** become the owner if:

        (i)    **you** acquire the **auto** during the policy period shown on the **declarations page**;

        (ii)    the **auto** you acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

        (iii)    no other insurance policy provides coverage for that **auto**.

(Ex. A, Form 6912, pp. 2-3).

15.    In in the context of coverage under the Part I – Liability to Others, the definition of insured auto is expanded to include, in pertinent part, "any **temporary substitute auto**." (Ex. A, Form 6912, p. 7).

16.    The Policy defines the term "temporary substitute auto," as follows:

>any **auto you** do not own while used with the permission if its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing loss or destruction. However, **temporary substitute auto** does not include any **auto** available fro the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

(Ex. A, Form 6912, p. 6)

**The Mazda**

17. On or about February 13, 2021, Defendant, Gayle Galusha, owned a 2021 Mazda 5, vehicle identification number M1CR2WL3A0373308 (the "Mazda").

18. At no time prior to February 13, 2021, was the Mazda ever identified on the Policy's Declaration Page.

19. At no time prior to February 13, 2021, did Defendant, JGR, ever acquire the Mazda.

20. At no time did Defendant, JGR, ever request that Progressive provide coverage for the Mazda.

21. At no time at or prior to February 13, 2021, was the Mazda replacing, either temporarily or permanently, the Silverado.

**The February 13, 2021 Accident**

22. On February 13, 2021, at approximately 9:00 p.m., Defendant, Justin Rhodes, was driving the Mazda at or near the intersection of International Drive and Central Florida Parkway in Orlando, Orange County, Florida.

23. At the same time, the decedent, Winston Jones, was crossing International Drive.

24. At that time, Winston Jones was struck by the Mazda being driven by Justin Rhodes.

25. Upon information and belief, Winston Jones died as a result of injuries sustained from being struck by the Mazda driven by Defendant, Justin Rhodes.

**Subsequent Claims**

26. Following the February 13, 2021, incident, attorneys presented claims to Progressive in which they sought coverage under the Policy for the accident involving Winston Jones.

27. In particular, attorneys for Defendant, Brenda Jones, both individually and as personal representative of the Estate of Winston Jones, deceased, presented claims for wrongful death and personal injuries she sustained to Progressive.

**The Lawsuit**

28. On February 8, 2023, Defendant, Brenda Jones, both in her individual capacity and as personal representative of the Estate of Winston Jones, Deceased, filed a lawsuit styled *Brenda Carmeta Blake Jones, individually and as Personal Representative the Estate of Winston Jones, Plaintiff v. Gayle Galusha, and Justin Rhodes*, in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-001130-O (the "Lawsuit"). A true, accurate, and complete copy of the pending and operative "Complaint," filed Lawsuit is attached hereto as Exhibit C.

29. In the Lawsuit, Defendant, Brenda Jones, both individually and in her capacity as the personal representative of the Estate of Winston Jones, deceased, has asserted claims against Defendants Gayle Galusha and Justin Rhodes. (Ex. C).

30. In the Complaint, Defendant, Brenda Jones, both individually and in her capacity as the personal representative of the Estate of Winston Jones, deceased, has alleged that Defendant, Gayle Galusha, owned the Mazda. (Ex. C, ¶ 12).

CASE NO.: 23-cv-965

31.     In the Complaint, Defendant, Brenda Jones, both individually and in her capacity as the personal representative of the Estate of Winston Jones, deceased, has alleged that Defendant, Justin Rhodes, authorized to and negligently operated the Mazda such that it struck the decedent, Winston Jones. (Ex. C, ¶ 12-13).

<b><u>COUNT I – CLAIM FOR DECLARATORY JUDGMENT</u></b><br>(Incident Does Not Involve Insured Vehicle)

32.     Progressive adopts and incorporates by reference paragraphs 1 through 31, above, which identify the parties, set forth the basis for this Court's exercise of jurisdiction and venue, describe the Policy, the Mazda, the February 13, 2021 Accident, the Subsequent Claims, and the Lawsuit as though fully set forth herein.

33.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto, and to give such relief as it deems necessary under the facts and circumstances.

34.     As reflected in the Policy, the Policy affords liability coverage for an 'accident,' that occurs within the state of Florida "arising out of the ownership, maintenance or use of that **insured auto**." (Ex. A).

35.     In order for there to be coverage under the Policy, the underlying 'accident,' must arise out of the 'ownership, maintenance or use,' of an **insured auto**. (Ex. A).

36.     Progressive contends that the events surrounding the February 13, 2021 Accident, to the extent that they involve and arise from Rhodes' operation of the Mazda, do not involve an 'insured auto,' because:

    a.     the Mazda was not identified as an insured auto on the Policy's Declaration Page;

  b. the Mazda remained titled to and had not been acquired by the named insured, JRG, but, rather, remained owned by and titled in the name of Defendant, Gayle Galusha and, therefore, could not be considered to be an additional auto under the Policy's definition of insured auto;

  c. the insured, Defendant JRG, never requested to have the Mazda added to the Policy and, therefore, could not be considered to be an additional auto under the Policy's definition of insured auto;

  d. the Mazda remained titled to and had not been acquired by the named insured, JRG, but, rather, remained owned and tilted in the name of Defendant, Gayle Galusha and, therefore, could not be considered to be a replacement auto under the Policy's definition of insured auto; and

  e. the Silverado had neither been replaced nor taken out of service such that the Mazda could be considered to be a Temporary Substitute Auto under the Policy's definition of insured auto;

  37. Progressive contends, therefore, that the events described at paragraphs 22 through 25, and which form the basis for the subsequent claims and the Lawsuit, having arisen in connection with Rhodes' operation of the Mazda, a vehicle that does not qualify as an insured auto, that there is no coverage under the Policy for the claims presented by Defendant, Brenda Jones, individually, and as personal representative of the Estate of Winston Jones, deceased, including those presented in the Lawsuit.

  38. Progressive contends, therefore, that it has no duty to defend or indemnify Defendants, JGR, Justin Rhodes, or Gayle Galusha for any damages that have or may be claimed

by Defendant, Brenda Jones, individually or as personal representative of the Estate of Winston Jones, specifically including any claims asserted in the Lawsuit.

39. There exists an actual, present, and practical need for the declaration of coverage under the Policy and the rights and obligations of Progressive.

40. There exists a present, ascertained or ascertainable state of facts or present controversy as to the state of facts concerning Progressive's rights, duties, and obligations under the Policy.

41. Progressive's rights, duties, and obligations under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

42. Progressive and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

43. All proper and present antagonistic interests are before the Court by proper process.

44. Progressive is in doubt with respect to its rights, duties and obligations under the Policy and, by this Complaint, seeks a declaration of its rights and obligations under the Policy.

WHEREFORE, Plaintiff, Progressive Express Insurance Company respectfully requests that this Court enter a declaratory judgment concerning the Policy and determine the existence, or non-existence, of an immunity, power, privilege, or right, or any other fact upon which the existence or non-existence, of such immunity, power, privilege or right may depend including the following:

    a. Declare that the Mazda is not an insured auto under the Policy;

    b. Declare that the events surrounding the February 13, 2021 accident involving Justin Rhodes' operation of the Mazda do not arise from the involve, concern,

or arise from the ownership, maintenance or use of an insured auto as required under the Policy;

  c. That the Policy does not provide bodily coverage to Defendants, JGR Doors & Windows, LLC, Justin Rhodes, or Gayle Galusha, for the bodily injury, wrongful death, or loss of consortium claims that were or could have been presented in the Lawsuit by Brenda Jones, individually, or as personal representative of the Estate of Winston Jones, Deceased, in connection with the February 13, 2021 accident;

  d. That Progressive has no duty to defend Defendants JGR Doors & Windows, LLC, Justin Rhodes, or Gayle Galusha, in connection with the claims asserted in the action styled *Brenda Carmeta Blake Jones, individually and as Personal Representative the Estate of Winston Jones, Plaintiff v. Gayle Galusha, and Justin Rhodes*, in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-001130-O, as there exists no coverage under the Policy for such claims; and

  e. For such other and further relief as this Court deems just and proper.

Dated: May 24, 2023      Respectfully submitted,

          */s/ Patrick K. Dahl*
          Patrick K. Dahl, Esquire (084109)
          pdahl@morganakins.com
          Florida Bar No. 084109
          MORGAN & AKINS, PLLC
          Attorneys for Progressive Specialty Insurance Company
          501 E. Las Olas Boulevard
          Suite 300
          Ft. Lauderdale, FL 33301
          Phone: (754) 255-3010
          Fax: (215) 600-1303