UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 23-cv-965-WWB-RMN

PROGRESSIVE            EXPRESS
INSURANCE COMPANY,

     Plaintiff,

vs.

JGR DOORS & WINDOWS, LLC,
a Florida Limited Liability
Company, JUSTIN RHODES,
individually, GAYLE GALUSHA,
individually, and BRENDA
JONES, both individually and as
Personal Representative of the
Estate of Winston Jones, Deceased,

     Defendants.

_____/

## PROGRESSIVE'S RULE 55(b)(2) MOTION FOR ENTRY OF DEFAULT DECLARATORY JUDGMENT

Plaintiff, Progressive Express Insurance Company, by and through its attorneys, Morgan & Akins, PLLC, moves this Court pursuant to Rule 55(b)(2) for the entry of final default judgment on its "Complaint for Declaratory Judgment" ("Complaint"). [DE 1]. All parties against whom a judgment for affirmative relief have been defaulted, and, as set forth, below, the complaint provides a sufficient basis for the judgment. In support thereof, Progressive states as follows:

## BACKGROUND

**A.      THE POLICY**

Plaintiff, Progressive, issued a Commercial Auto Insurance Policy, Policy No. 0192797-0, with an effective Policy Period of March 10, 2020, through March 10, 2021 (the "Policy"), to Defendant, JGR Doors & Windows, LLC ("JGR"). [DE 1, ¶ 9; DE 1-1]. The Policy consisted of Form 6912 (02/19) as modified by Forms 1652FL (02/19), 4575FL (02/19) and Z228 (01/11). [DE 1, ¶ 10; DE 1-1]. As reflected in the Policy, the Policy identified one (1) rated driver, Defendant, Justin Rhodes ("Rhodes"), and on insured vehicle, a 2003 Chevrolet Silverado C1500 vehicle identification number: 1GCEC19T33Z259856 (the "Silverado"). [DE 1, ¶¶ 11-12; DE 1-1; DE 1-2].

The Policy's relevant liability insuring language in contained at Form 69121 (02/19), and provides, in pertinent part, as follows:

**PART I – LIAIBLITY TO OTHERS**

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured**

2

becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, we will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

[DE 1, ¶ 13; DE 1-2, p. 26].

The Policy defines the term "insured auto," as follows:

"**Insured auto**" or "**your insured auto**" means:

a.    Any **auto** specifically described on the **declarations page**; or

b.    An additional auto for Part I – Liability To Others and/or Part II – Damage To Your Auto on the date you become the owner if:

(i)    **you** acquire the auto during the policy period shown on the **declarations page**;

(ii)    **we** insure all autos owned by you that are insured in **your** business;

(iii)    no other insurance policy provides coverage for that **auto**; and

> (iv)    **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage….
>
> c.    Any replacement **auto** on the date you become the owner if:
>
> (i)    **you** acquire the **auto** during the policy period shown on the **declarations page**;
>
> (ii)    the **auto** you acquire replaces one specifically described on the **declarations page** due to termination of your ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or loss to the replaced **auto** that renders it permanently inoperable; and
>
> (iii)    no other insurance policy provides coverage for that **auto**.

[DE 1, ¶ 14; DE 1-2, pp. 22-23]. In the context of coverage under the Part I – Liability to Others, the definition of insured auto is expanded to also include, "any temporary substitute auto," which is defined as:

> any **auto you** do not own while used with the permission if its owner as a temporary substitute for an **insured auto**

that has been withdrawn from normal use due to
breakdown, repair, servicing loss or destruction.
However, **temporary substitute auto** does not include
any auto available for the regular or frequent use of **you**,
a relative, or **your employees** unless that **auto** is insured
under a separate policy of insurance that provides at
least the minimum required limits of financial
responsibility under the applicable state and federal
laws.

[DE 1, ¶¶15-16; DE 1-2, pp. 26; 27].

## B.    THE MAZDA

On or about February 13, 2021, Defendant, Gayle Galusha ("Galusha"),
owned a 2021 Mazda 5, vehicle identification number M1CR2WL3A0373308 (the
"Mazda"). [DE 1, ¶ 17]. The Mazda was not identified on the Policy's Declaration
Page. [DE 1, ¶ 18; DE 1-2]. The insured, JGR, never acquired the Mazda and JGR
never requested that Progressive provide any coverage for the Mazda and the
Mazda never replaced the Silverado. [DE 1, ¶¶ 19-21].

## C.    THE FEBRUARY 13, 2021 ACCIDENT

On February 13, 2021, at approximately 9:00 p.m., Defendant, Justin Rhodes,
was driving the Mazda at or near the intersection of International Drive and

Central Florida Parkway in Orlando, Orange County, Florida. [DE 1, ¶ 22]. At the same time, the decedent, Winston Jones, was crossing International Drive. [DE 1, ¶ 23]. At that time, Winston Jones was struck by the Mazda being driven by Justin Rhodes. [DE 1, ¶ 24].

## D.   **SUBSEQUENT CLAIMS AND LAWSUIT**

Following the February 13, 2021, incident, attorneys presented claims to Progressive in which they sought coverage under the Policy for the accident involving Winston Jones. [DE 1, ¶ 24]. In particular, attorneys for Defendant, Brenda Jones, both individually and as personal representative of the Estate of Winston Jones, deceased, presented claims for wrongful death and personal injuries she sustained to Progressive. [DE 1, ¶ 24].

On February 8, 2023, Defendant, Brenda Jones, both in her individual capacity and as personal representative of the Estate of Winston Jones, Deceased, filed a lawsuit styled *Brenda Carmeta Blake Jones, individually and as Personal Representative the Estate of Winston Jones, Plaintiff v. Gayle Galusha, and Justin Rhodes*, in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-001130-O (the "Lawsuit"). [DE 1, ¶ 28; DE 1-3].

In the Lawsuit, Defendant, Brenda Jones, both individually and in her capacity as the personal representative of the Estate of Winston Jones, deceased,

has asserted claims against Defendants Galusha and Rhodes. [DE 1, ¶ 29; DE 1-3]. In the Complaint, Defendant, Brenda Jones, both individually and in her capacity as the personal representative of the Estate of Winston Jones, deceased, has alleged that Defendant, Galusha, owned the Mazda. [DE 1, ¶ 30; DE 1-3, ¶ 12]. In the Complaint, Defendant, Brenda Jones, both individually and in her capacity as the personal representative of the Estate of Winston Jones, deceased, has alleged that Defendant, Justin Rhodes, was authorized to and negligently operated the Mazda such that it struck the decedent, Winston Jones. [DE 1, ¶ 31; DE 1-3, ¶ 12-13].

## E.    THE   COMPLAINT   FOR   DECLATORY   JUDGMENT   AND SUBSEQUENT DEFAULTS

Progressive subsequently filed the present action in which it sought a declaration that the Policy did not afford coverage for the loss. [DE 1]. In particular, Progressive sought a declaration that: (i) the Mazda was not insured under the Policy; (ii) the February 13, 2021 accident involving Rhodes and which gave rise to the Lawsuit, did not involve, concern, or arise from the ownership, maintenance or use of an insured auto as required by the Policy; (iii) the Policy does not provide bodily injury coverage to Defendants, JGR, Rhodes, or Galusha for the claims presented in the Lawsuit; and (iv) Progressive has no duty to defend Defendants, JGR, Rhodes, or Galusha in connection with the claims asserted in the Lawsuit. [DE 1, p. 9-10].

All of the Defendants were subsequently served but no Defendants appeared or responded to Progressive's Claim for Declaratory Judgment. As a result, all Defendants were defaulted. [*See* Clerk's Entry of Default, DE 12 (JGR); Clerk's Entry of Default, DE 31 (Jones); Clerk's Entry of Default, DE 41 (Rhodes); and Clerk's Entry of Default, DE 42 (Galusha)].

## ARGUMENT

**A.    THIS COURT IS AUTHORIZED TO ISSUE A DEFAULT DECLARATORY JUDGMENT IN THIS INSURANCE COVERAGE ACTION**

Where a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2); *Surtain v. Hamlin Terrace Found.* 789 F. 3d 1239, 1244 (11th Cir. 2015). The rules set forth a two step process for the entry of such a judgment. *See* Fed. R. Civ. P. 55. First, the default must be entered. Fed. R. Civ. P. 55(a). Then, once entered, the Court may enter a default "if the complaint provides a sufficient basis for the judgment." *See* Fed. R. Civ. P. 55(b); *Century Sur. Co. v. Radiant Asset Mgmt., Inc.*, No. 8:23-cv-202-CEH-SPF, 2023 U.S. Dist. LEXIS 180115 (M.D. Fla. Oct. 5, 2023)(Flynn, Mag. J.); *citing Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). When the default is entered, the Defendants admit the well-pleaded factual allegations set forth in the complaint. *Century Sur. Co.*, 2023 U.S. Dist. LEXIS at 4; *citing Eagle Hosp. Physicians, LLC v. SRG*

*Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). If well-pleaded, liability is established by virtue of the default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

**B.    ALL PARTIES AGAINST WHOM AFFIRMMATIVE RELIEF HAS BEEN SOUGHT HAVE BEEN DEFAULTED**

Here, the condition for entry of a default judgment has been satisfied; all Defendants have been defaulted. [*See* Clerk's Entry of Default, DE 12 (JGR); Clerk's Entry of Default, DE 31 (Jones); Clerk's Entry of Default, DE 41 (Rhodes); and Clerk's Entry of Default, DE 42 (Galusha)]. As a result, the only remaining question is whether the well-pled allegations support the requested relief.

**C.    THE COMPLAINT PROVIDES A SUFFICIENT BASIS FOR THE DECLARATORY JUDGMENT**

The second step in the two step process involves evaluating the sufficiency of the allegations in the complaint; following the entry of a default under Rule 55(a), Federal Rules of Civil Procedure, a defendant is deemed to admit a plaintiff's well-pleaded allegations of fact. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("[E]ntry of a default judgment is only warranted where a sufficient basis exists in the pleadings for the judgment entered"); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Progressive Express Ins. Co. v. Candelas*, 2020 WL 6049374, at *4 (M.D. Fla. 2020)(citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015)). Therefore, it is appropriate for a court to enter a default judgment where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Progressive's Complaint contains sufficient factual allegations establishing that Progressive is entitled to the requested relief. An actual, justiciable controversy exists because Progressive is in doubts regarding its rights and obligations pursuant to the Policy issued to JGR. *Garden Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011); *see also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) (finding a liability insurer's complaint for a declaratory judgment that it was not liable to defend or indemnify the insured related to the claims against the insured by injured parties presented an "actual controversy," as to the insured and the injured parties).

As outlined above, Progressive has properly pled the facts that form the basis of the controversy between the parties. Ultimately, Progressive's duties and obligations arise from the Policy. *See Zurich Am. Ins. Co. v. Nat' Specialty Ins. Co.*, 246 F. Supp. 3d 1347 (S.D. Fla. 2017). By defaulting, the Defendants have admitted

that the Policy is not implicated. In particular, by defaulting Defendants have admitted that: (i) the Mazda does not constitute an insured auto under the Policy; (ii) the accident that forms the basis for the Lawsuit, as it involves the Mazda, not the Silverado, does not arise from the ownership, maintenance or use of an insured auto; and, therefore, (iii) that the Policy is not implicated. Therefore, Progressive is entitled to judgement in its favor declaring that there is no coverage available under the Policy.. *See Progressive Exp. Ins. Co. v. Alpine Towing, Inc.*, No. 18-21387-CIV-Williams, 2019 U.S. Dist. LEXIS 36866 (S.D. Fla. Mar. 5, 2019)(Williams, J.)(granting judgment in declaratory judgment action where vehicle not qualified as insured auto under policy); *Progressive Exp. Ins. Co. v. Iskcon of Alachua Cty. Inc.*, No. 1:19-cv-00049-AW-GRJ, 2020 U.S. Dist. LEXIS 62749 (N.D. Fla. Mar. 18, 2020)(Winsor, J.).

Accordingly, it is appropriate that Final Default Judgment be entered in favor of Progressive for the relief requested in the Complaint. *Id.* Progressive seeks a final judgment declaring that: (i) the Mazda is not an insured vehicle under the Policy; (ii) the February 13, 2021 accident did not arise from the ownership, maintenance or use of an insured auto under the Policy; (iii) Progressive has no duty to indemnify any person or entity for the claims asserted in the Lawsuit; and (iv) Progressive has no duty to defend and person or entity for the claims asserted in the Lawsuit.

CASE NO.: 23-cv-965-WWB-RMN

WHEREFORE, Plaintiff, Progressive Express Insurance Company, respectfully requests the entry of a Default Final Judgment to be entered in its favor and against the Defendants, JGR Doors & Windows, LLC, Justin Rhodes, Gayle Galusha, and Brenda Jones, both individually and as Personal Represntative of the Estate of Winston Jones, Deceased.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

CASE NO.: 23-cv-965-WWB-RMN

Dated:      January 29, 2024        Respectfully submitted,

/s/ Patrick K. Dahl
**Patrick K. Dahl, Esquire (084109)**
pdahl@morganakins.com
Florida Bar No. 084109
**Daniel M. Morales, Esquire (1011393)**
dmorales@morganakins.com
Florida Bar No. 1011393
**MORGAN & AKINS, PLLC**
*Attorneys for Progressive Express Insurance
Company*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 29, 2024, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Patrick K. Dahl
Patrick K. Dahl, Esquire

13